**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4335**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANDRE D. WHITFIELD,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:07-cr-00300-HEH-1)

Submitted: November 18, 2008      Decided: December 1, 2008

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Steven P. Hanna, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre D. Whitfield was convicted of: two counts of using a communication facility to facilitate a drug offense; possession with intent to distribute cocaine base; attempted distribution of cocaine base; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a person previously convicted of domestic violence. He received a 192-month sentence. Whitfield now appeals his convictions, arguing that the district court erred when it rejected his Batson v. Kentucky, 476 U.S. 79 (1986), challenge to the Government's peremptory strikes of three black jurors. We affirm.

Under Batson, the use of a peremptory challenge for a racially discriminatory purpose offends the Equal Protection Clause. Id. We give "great deference" to the trial court's findings as to whether a Batson violation occurred, and we review the court's findings for clear error. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995).

A three-step process is used to analyze a Batson claim:

> First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the

2

defendant has carried his burden of proving purposeful discrimination.

Hernandez v. New York, 500 U.S. 352, 358-59 (1991) (citations omitted). When conducting this analysis, "the decisive question [is] whether counsel's race-neutral explanation . . . should be believed." Id. at 365.

At the second step, both age and occupation are legitimate, race-neutral reasons to strike a juror. Smulls v. Roper, 535 F.3d 853, 867 (8th Cir. 2008) (occupation); United States v. Grimmond, 137 F.3d 823, 834 (4th Cir. 1998) (age); United States v. Miller, 939 F.2d 605, 609 (9th Cir. 1991). Here, the prosecutor stated that she struck a black female juror because she was twenty-two, and the prosecutor wanted only jurors who were twenty-five or older. The prosecutor cited occupation as the reason she struck two black males: she wanted no teachers, social workers, or nurses on the jury. One of the struck jurors was a teacher, and the other was a social worker. By articulating race-neutral reasons for the strikes, the Government satisfied its burden at the second step of the analysis.

At the third step, the trial court's duty is to determine whether the Government's race-neutral reason for a strike is "a pretext for discrimination." United States v. Farrior, 535 F.3d 210, 221 (4th Cir. 2008). The defendant must

3

"show both that [the Government's stated reasons for a strike] were merely pretextual and that race was the real reason for the strike." United States v. McMillon, 14 F.3d 948, 953 (4th Cir. 1994). In making this showing, the "'defendant may rely on all relevant circumstances to raise an inference of purposeful discrimination.'" Golphin v. Branker, 519 F.3d 168, 179 (4th Cir. 2008) (quoting Miller-El v. Dretke, 545 U.S. 231, 240 (2005)).

Here, Whitfield did not challenge the Government's race-neutral explanation for striking the young female juror. The failure to argue pretext after the challenged strike has been explained constitutes a waiver of the initial Batson objection. See Davis v. Baltimore Gas & Elec. Co., 160 F.3d 1023, 1027 (4th Cir. 1998). Even if there was no waiver, Whitfield did not identify a similarly situated venire member of a different race who was not peremptorily challenged, see Golphin, 519 F.3d at 179-80, or otherwise establish that race was the real reason for the strike. Similarly, he failed to meet his burden with respect to the two male jurors.

Because the district court did not clearly err in rejecting Whitfield's Batson challenge, we affirm. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED